■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDDIE MASSEY, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDDIE MASSEY, Appellant.— Consolidated appeals (1) from judgments of the Court of Special Sessions of the City of New York, Borough of Queens (one Justice dissenting), convicting appellant on two informations, one charging him with assault in the third degree inflicted with hands, arms and fists upon a police officer, and with resisting arrest by such officer, and the other charging him with assault in the third degree inflicted "with his booted feet" upon such officer and sentencing him to serve 30 days on each information, execution of which sentences was suspended, and (2) from said sentences. Judgments reversed upon the law and the facts, and informations dismissed. The record fails to establish beyond a reasonable doubt appellant's commission of the crimes charged. The record does not show beyond a reasonable doubt that appellant, without provocation, assaulted the police officer or that the officer ever actually elected to place appellant under arrest by reason of such unprovoked assault, even though the officer had threatened so to do. Rather, the record does establish that appellant's assault, if any, upon the officer occurred during the course of appellant's resistance to the attempt of that officer and a fellow police officer, both without a warrant, to force appellant against his will to accompany them to the station house for questioning as a suspect in the commission of a reported crime of stone throwing, a misdemeanor. Under the circumstances the conduct of the police officers constituted an unlawful arrest of the appellant which justified his resistance and his counterassault upon the police officer (*People* v. *Glennon*, 37 Misc. 1; *People* v. *Glennon*, 175 N. Y. 45; *People* v. *Cherry*, 307 N. Y. 308, 310-311; *People* v. *Daniels*, 285 App. Div. 619, 624; *People* v. *Field*, 15 N. Y. S. 2d 561; *People* v. *Singleton*, 117 N. Y. S. 2d 114). If the informations were not being dismissed, a new trial would be granted on the ground that the judgments are against the weight of the credible evidence and on the further ground that it was error (a) to permit the complainant in the stone-throwing charge to appear before the court and to be identified on two separate occasions, and (b) to receive the testimony of the police officer insofar as it implicated appellant in the larceny of certain towels, in the larceny of an automobile, in its unauthorized use, and in its fraudulent registration. The cumulative effect of these errors was to seriously prejudice the appellant by tending to show that he had engaged in the commission of offenses other than those for which he was being tried. No separate appeal lies from the sentences which have been reviewed on the appeals from the judgments of conviction. Wenzel, Acting P. J., Beldock, Ughetta and Hallinan, JJ., concur; Murphy, J., dissents *and votes to affirm the judgments on the ground that the record presents factual issues which were properly determined by the majority of the Justices who saw and heard the witnesses.*